**1312**

UNITED STATES of America

v.

Miguel RIVAS.

No. 91 CR 283–1.

United States District Court,
N.D. Illinois, E.D.

May 28, 1991.

Fred Foreman, U.S. Atty. by David E. Bindi, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Mitchell D. Kreiter, Mitchell D. Kreiter & Thomas A. Gibbons & Associates, Chicago, Ill., for defendant.

ORDER

BUA, District Judge.

A criminal complaint was filed against defendant Miguel Rivas on April 12, 1991 charging him with possessing with the intent to distribute approximately 8000 grams of a mixture containing cocaine, in violation of 21 U.S.C. § 841(a)(1). A detention hearing was held before a magistrate-judge on April 16, 1991. At that hearing, defendant Rivas was ordered detained under 18 U.S.C. § 3142(f) on grounds of flight risk and dangerousness. Defendant Rivas filed a motion requesting that the court conduct a *de novo* review of the magistrate-judge's decision. The court held a hearing in order that defendant Rivas might present additional evidence in support of his request. For the reasons stated below, the court upholds the decision of the magistrate-judge.

Under the Bail Reform Act, a person may be detained if no condition will reasonably assure the appearance of that person as required or assure the safety of the community. The Act includes a rebuttable presumption that *no* condition will provide these assurances if the person has committed an offense where a maximum term of imprisonment of ten years or more is provided for under the Controlled Substances Act. 18 U.S.C. § 3142(e). The offense charged against defendant Rivas carries a sentence which makes this presumption applicable to his case.

Both parties agree that the only additional evidence presented in the hearing was the willingness of persons acquainted with defendant Rivas to post bond on his behalf. Taking into consideration this new evidence and the evidence weighed by the magistrate-judge, the court finds that the evidence is still insufficient to overcome the statutory presumption.

Judging from the number of persons who appeared in court on his behalf and their willingness to post bond, defendant

Rivas appears to have ties to individuals within the community. However, the fact remains that defendant Rivas is in this country illegally. No members of his family live in the community. His employment has only been on an irregular basis as a short order cook. And, the charge levelled against him is a serious one. Defendant Rivas is charged with distribution of more than five kilograms of cocaine. It has been found that persons who have allegedly engaged in such large-scale drug transactions pose a great risk of flight. *See United States v. Portes*, 786 F.2d 758, 765 (7th Cir.1985). Based on these circumstances, the court cannot find that defendant Rivas' ties are strong enough to keep him in the community and assure his appearance.

When determining whether adequate conditions exist to assure appearance and safety of the community, the court may also consider the nature and circumstances of the charged offense. Defendant Rivas is charged with distributing a large amount of cocaine. He is alleged to have played a major role in the distribution. These factors also support detention.

The release of defendant Rivas would pose an unacceptable risk of flight and danger to the community. Therefore, the court denies defendant Rivas' motion for pre-trial release and orders that he be detained prior to trial.